FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRYAN PAUL HERNANDEZ (*also known as* Selene Violet Henderson),<br><br>   Petitioner,<br><br>v.<br><br>U.S.; and ERIC CARPENTER,<br><br>   Respondents. | No. 2:24-CV-00415-SAB<br><br>**ORDER SUMMARILY DISMISSING PETITION** |

  Petitioner, a civilly committed detainee currently housed at the Eastern State Hospital, brought this *pro se* "Petition to Withdraw U.S. Citizenship (42 U.S.C. § 2241), which was opened as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on December 12, 2024. ECF No. 1. The $5.00 filing fee was paid. *Id.* Respondents have not been served.

  The cited statutory provision, 42 U.S.C. § 2241, is titled, "Atomic safety and licensing boards; establishment; membership; functions; compensation". The Court cannot discern how this, or any other statutory provision, authorizes this Court to entertain Petitioner's request to "withdraw U.S. Citizenship."

  Petitioner seems to admit an inability to "meet the statutory requirements" to withdraw "citizenship to the U.S." due to Petitioner's present confinement and an

ORDER SUMMARILY DISMISSING PETITION -- 1

1  inability to "pay the large fee to revoke her citizenship." *Id.* at 1. Petitioner seeks a
2  competency evaluation, pro bono counsel, and transportation to and from a U.S.
3  Embassy. *Id.* at 1–2. Petitioner cites no authority, and the Court is aware of none,
4  which would permit this Court to rule on Petitioner's request to relinquish U.S.
5  nationality.

6        Petitioner indicates a request has been made to a social worker, and
7  Petitioner is awaiting a response before filing a complaint "through the hospital
8  complaint system if asking her about it does not go well." *Id.* at 2. Petitioner also
9  seeks arrangements to obtain a passport and to notify Petitioner's court-appointed
10 guardian. *Id.* Petitioner indicates this will render Petitioner a "citizen of the globe,"
11 also referred to as "Sovereign Citizenship." *Id.* Petitioner pledges to "obey every
12 law" and learn from "numerous past failures." *Id.* Again, Petitioner cites no
13 authority, and this Court has found none, permitting this Court to entertain
14 Petitioner's requests.

15       In addition, Petitioner challenges the constitutionality of a Washington
16 statutory provision, Wash. Rev. Code § 71.05.320(4)(c)(ii), which has apparently
17 been used to civilly commit Petitioner for having committed a violent felony
18 offense, citing the dissent of Justice Gordon McCloud in "*M.W. v. D.S.H.S.,* 185
19 Wash. 2d 633 (2016)." *Id.* at 2. It is not the province of a federal court in a habeas
20 corpus proceeding to consider challenges to state law. See *Peltier v. Wright*, 15
21 F.3d 860, 861–62 (9th Cir. 1994) (noting that generally federal habeas corpus is
22 unavailable for alleged errors in interpretation and application of state law).

23       This Court is bound by a state court's interpretation of state law unless the
24 state court's interpretation is untenable or amounts to an "obvious subterfuge" to
25 avoid federal review of a constitutional violation. *See Mullaney v. Wilbur*, 421 U.S.
26 684, 691 & n.11 (1975) (quotation omitted); *Butler v. Curry*, 528 F.3d 624, 642
27 (9th Cir. 2008); *cf. Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990)
28 (state instructional errors become federal constitutional issues if they rendered the

ORDER SUMMARILY DISMISSING PETITION -- 2

trial fundamentally unfair). No such subterfuge is apparent from Petitioner's assertions. It plainly appears that Petitioner is not entitled to relief in this Court at this time.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Petition, ECF No. 1, is **DISMISSED** without prejudice pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

2. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED.**

**IT IS SO ORDERED**. The Clerk of Court shall enter this Order, enter judgment, provide copies to Petitioner, and **close** the file.

**DATED** this 21st day of January 2025.



Stanley A. Bastian
Chief United States District Judge

ORDER SUMMARILY DISMISSING PETITION -- 3